UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LORI MATHAT AND JUSTIN PAUL,

Plaintiffs,

v.

CITY OF TUMWATER, et al.,

Defendants.

CASE NO. C26-5869 BHS

ORDER

THIS MATTER is before the Court following Magistrate Judge David Christel's Order granting pro se plaintiffs Lori Mathat[1] and Justin Paul's application to proceed *in forma pauperis*, based on her indigency, leaving to this Court the evaluation of whether her complaint asserts a plausible claim and should be served. Dkt. 5 (citing 28 U.S.C. § 1915(e)(2)(B)). Mathat has since filed a motion to appoint counsel, Dkts. 7 and 8, a motion for service by the U.S. Marshal, Dkt. 12, and an amended complaint, Dkt. 13.

Mathat's initial complaint asserts that on August 3, 2023, she was lawfully at a rented storage unit owned by defendant Northwest self storage and managed by

[1] The Court will refer to plaintiffs together as "Mathat," in the feminine singular, for clarity and ease of reference, unless the context requires otherwise.

defendant Gerber, retrieving belongings. She asserts that Gerber "lied" and said that she had not paid rent and had been evicted, and called the Tumwater Police. Police arrived and demanded that she leave the premises without her belongings. At some point, and for reasons that are not clear, officers pursued Paul and tased him. Mathat alleges he was unconscious and that there is video of the event. She alleges that the defendant officers arrested Paul and attempted to take him to the Nisqually Jail, but they refused to admit him because he was injured. She contends that the officers dropped him off in the middle of the night, and that she found him confused and injured two days later. Dkt. 6 at 17–19.

Mathat's amended complaint asserts the same facts and largely the same claims.

A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* at 1370 (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] plaintiff's

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555).

The Court's task at this stage is to evaluate whether the pro se plaintiff has plausibly alleged facts supporting a claim. The Court concludes that Mathat has done so, and the court will permit Lori Mathat and Justin Paul to proceed *in forma pauperis*.

Plaintiffs must obtain summonses from the Clerk's office, and provide the summonses and complaint, along with the defendants' addresses, to the Clerk. *See also* LCR 4. The Clerk shall assemble the summons and the amended complaint, Dkt. 13, and the U.S. Marshal or someone specially appointed shall serve defendants the summons and complaint on Mathat's and Paul's behalf. Plaintiffs may consult the Clerk's Office's Guide for further instructions: https://www.wawd.uscourts.gov/sites/wawd/files/ProSeGuidetoFilingYourLawsuitinFederalCourt.pdf. Dkt. 13 is plaintiffs' operative pleading, and they are not entitled to amend it again, absent defendants' agreement or the Court's leave. Fed. R. of Civ. P. 15(a)(1).

Mathat's motion for service is, to the extent she complies with these procedural requirements, **GRANTED**. Dkt. 12.

There is no constitutional right to counsel for an indigent plaintiff in a civil case unless the plaintiff may lose their physical liberty if they loses the litigation. *See Lassiter*

*v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981). However, pursuant to 28 U.S.C. § 1915(e)(1), the Court has the discretion to appoint counsel for indigent litigants who are proceeding *in forma pauperis*. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

The Court will appoint counsel under only "'exceptional circumstances.'" *Id.* (quoting *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)); *accord Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Wilborn*, 789 F.2d at 1331 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). These factors must be viewed together before reaching a decision on whether to appoint counsel under § 1915(e)(1). *Id.*

Mathat has met the *in forma pauperis* standard, but she has not demonstrated the exceptional circumstances necessary for the appointment of pro bono counsel because she has not yet demonstrated that she has a likelihood of success on the merits of her claims. Mathat's motions to appoint counsel, Dkts. 7 and 8, are **DENIED** without prejudice.

**IT IS SO ORDERED**.

Dated this 2nd day of October, 2026.

BENJAMIN H. SETTLE
United States District Judge